## Hopwood Trust

*Gilbert E. Morcroft,* for petitioners.
*John H. Neely,* contra.
*Robert G. MacAlister,* for trustee.

McKENNA, P. J., June 21, 1974.—This matter is before us on petition of Gary Benson and Mr. and Mrs. Thor Thorness, custodians for certain minors, to set aside an order of this court dated August 24, 1973. Although the facts in the case are lengthy, the issue to be determined is very narrow and the answer to the question presented is relatively simple.

The facts in the case have been established by undenied averments in the pleadings and by testimony offered at a hearing held May 8, 1974.

On November 4, 1969, Gayl D. Hopwood, mother of Ronald Lief Hopwood, John Lutton Hopwood, Jr., Robert Gibson Hopwood and Lynn Hopwood, minors, entered into a written custody and property settlement agreement with her then husband, John Lutton Hopwood. The husband and wife were separated at that time and were later divorced. The agreement was entered into in Brevard County, Fla., where all of said parties resided. By the terms of this, John Lutton

Hopwood agreed to pay for the support of his four minor children, now 15, 15, 13 and 12, $300 per month per child until the date each child attains majority, becomes self-supporting, marries, or otherwise becomes emancipated. None of said children have, as of now, attained majority or become otherwise emancipated. All are presently residents of and domiciled in the State of Florida, and none of them has, at any time, been domiciled in, or a resident of, Pennsylvania.

John Lutton Hopwood defaulted in payments required by the agreement between October 1970, and June 1972. Gayl Hopwood then instituted foreign attachment proceedings in Allegheny County, at April term, 1972, no. 1806, Civil Division, naming John Lutton Hopwood as defendant, and Pittsburgh National Bank and William Whitford Hopwood as garnishees.

The fund attached is a one-ninth interest in a trust fund now vested in John Lutton Hopwood. The trust was established by his grandfather, John M. Hopwood. The value of said interest is $331,000. Judgment was entered against John Lutton Hopwood for $20,184, and a continuing levy was placed on the fund for future support in the sum of $300 per month per child.

By reason of the continuing levy against his interest in said trust, this court suspended distribution of his share. To secure a maximum distribution to him from the trust fund, John Lutton Hopwood directed the trustees to pay Gayl Hopwood for the children's support, $24,984, and further agreed as part of the settlement of the dispute between the parties, to create an irrevocable trust in the sum of $130,016, to fund the future support payments due the children. Pursuant to this agreement, said sum, $130,016, was decreed to John Lutton Hopwood's agents, John H. Neely, Esq., counsel for John Lutton

Hopwood, and Robert G. MacAlister, Esq., the attorney for the corporate trustee, Pittsburgh National Bank. The $130,016 was then turned over to the bank, subject to the conditions of a written deed of trust executed by John Lutton Hopwood under date of July 21, 1972. The deed of trust contained this provision as Article II(B):

"B. In the disbursement of funds directed to be paid to or for the use and benefit of any beneficiary, the Trustee may make payment of the same to the parent, educational institution, guardian or such other person as may have custody of the person of the minor or who may stand in loco parentis at the time such payments are made, to be used for the education, maintenance and support of such minor, but without liability on the part of the Trustee to see to the application of said payments by the payee, and the receipt of any such person shall be a full acquittance of the Trustee as to any amounts so paid, or the Trustee may make payment of the same directly to or for the benefit of such minor beneficiary."

Gayl D. Benson, the mother of the minors, died suddenly on July 3, 1973. On August 24, 1973, John Lutton Hopwood, by local counsel in Allegheny County, presented a petition to this court, in which he recited these facts. He averred that the trustee was not able to make future payments, except by order of court, since Gayl D. Hopwood had died, and the original order of the Florida court had directed that payments be made to her for the children. He asked that the court order payments to be made to Gary Benson, custodian of John Lutton Hopwood, Jr., and Ronald Lief Hopwood, and to Mr. and Mrs. Thor Thorness, custodians of Lynn Hopwood, and to L. M. Stroud, custodian of Robert Gibson Hopwood. Pursuant to this petition, the court, on August 24, 1973,

directed payments to Gary Benson, custodian, in the sum of $300 per month, to Mr. and Mrs. Thor Thorness, custodians, $200 per month, and to L. M. Stroud, custodian, the sum of $150 per month.

The aforesaid petition was presented, and the order of court was made, without notice to or knowledge on the part of the attorney for said minors. Counsel for petitioner acted in the belief that the representation of counsel for the minors had ended, and that a new order was necessary to protect their interests.

Following said order, the trustee filed its account in this court, and this came on for audit before the writer of this opinion. On January 7, 1974, a decree of distribution was made. This continued the reduced payments provided for in the order dated August 24, 1973. Counsel for the minors has filed exceptions to said decree on the same grounds as stated in his petition to set aside our order of August 24, 1973.

Counsel for petitioners asserts that this court had no jurisdiction to reduce the payments which were being made to the minors pursuant to a decree of a Florida court, which decree had been incorporated into an agreement between John Lutton Hopwood and the bank, whereby payments in the sum of $300 per month per child were to continue. He also asserts that the order is void since it was entered ex parte, without notice to him.

The attorney for the respondent apparently agrees with this petition, as his brief contains this statement with reference to the order of August 24, 1973:

"Unfortunately, it appears at the present status of the record that the action of this Court, while properly motivated and taken to provide care for the children in their time of need, was, in fact, improperly taken and illegal, and therefore, the interim Order and sub-

sequent Orders following upon the original interim Order should be revoked."

However, his position is also that since the Florida court has jurisdiction and is about to make an order in the case, we have no jurisdiction even to strike an order improvidently made. We do not agree. We will strike said order. There are three bases for our decision:

1. John Lutton Hopwood executed a deed of trust under date of July 21, 1972, wherein it is provided that in the disbursement of funds the trustee may make payment to the parent, educational institution, guardian, or such other person as may have custody of the minor. Under the terms of the article above referred to, the trustees would have been justified in continuing the payments of $300 per month per child to the custodians of said minors.

2. Since the basic order was entered by the Florida court, we have no authority to reduce the sum which that court ordered paid.

3. There is nothing more basic or fundamental in our law than that a party in interest in any proceeding is entitled to notice and an opportunity to be heard before any petition is presented, or order made, affecting his interest. Notwithstanding the good faith of counsel for petitioner, since no notice or opportunity to be heard was given to the attorney for the minors, we will set aside the said order.

An order of court will be made setting aside our order of August 24, 1973. The exceptions to our decree of distribution continuing the support payments in reduced sums will be sustained and an amended decree of distribution entered.

## ORDER OF COURT

Now, June 21, 1974, on consideration of petition filed herein to vacate order of this court dated August

24, 1973, and after hearing and review of arguments made, this court finds that said order is void for the reasons stated in opinion filed herewith.

Accordingly, it is ordered and decreed that said order be and it is hereby vacated.

The trustee, Pittsburgh National Bank, is directed to pay to the custodians of Ronald Lief Hopwood, John Lutton Hopwood, Jr., Robert Gibson Hopwood, and Lynn Hopwood, $300 per month per child, and to make up the differences in said payments caused by reductions directed to be made in said order of August 24, 1973.

It is further ordered and decreed that exceptions filed on January 10, 1974, to our decree of distribution entered on January 7, 1974, which decree continued the reduced payments, be and they are hereby sustained. An amended decree will be filed conforming to opinion filed herewith.